**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

FILED

**January 22, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **ROBERT GLEN COE,** | ) | |
| | ) | **NO. 02C01-9606-CR-00200** |
| Appellant, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOHN P. COLTON,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post Conviction-Death Penalty) |

## ON REMAND FROM THE SUPREME COURT OF TENNESSEE

**FOR THE APPELLANT:**

**ROBERT C. IRBY**
4345 Mallory Avenue East
Memphis, TN 38111-7836

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**JOHN P. CAULEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JOHN W. CAMPBELL**
Assistant District Attorney General
201 Poplar Avenue, 3rd Floor
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## O P I N I O N

In this death penalty post-conviction matter this Court on March 4, 1997, entered a Rule 20 Order affirming the trial court's dismissal of Coe's third petition for post-conviction relief.[1]  The Supreme Court of Tennessee subsequently remanded the case back to this Court in light of James David Carter v. State, ___ S.W.2d ___ (Tenn. 1997), and State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992).  We again affirm the trial court's dismissal of the petition.

## PROCEDURAL HISTORY

Coe was found guilty of first degree murder, aggravated rape and aggravated kidnapping in 1981.  The Tennessee Supreme Court affirmed the convictions and sentences in 1983.[2]  A petition for *writ of certiorari* to the United States Supreme Court was denied in 1984.[3]

His first petition for post-conviction relief was filed in 1984.  The dismissal of that petition was affirmed by this Court in 1986.  Robert Glen Coe v. State, C.C.A. No. 15, Shelby County (Tenn. Crim. App. filed December 23, 1986, at Jackson). In 1987 Coe filed a petition for writ of *habeas corpus* in the United States District Court for the Middle District of Tennessee.  That petition was dismissed without prejudice in March 1989 for failure to exhaust state remedies.

In May 1989 Coe filed a second petition for post-conviction relief which was denied by the trial court in November 1989.  The denial was affirmed by this Court in January 1991.  Robert Glen Coe v. State, C.C.A. No. 138, Shelby County (Tenn. Crim. App. filed January 16, 1991, at Jackson).  The Tennessee Supreme Court denied permission to appeal in November 1991.

In February 1992 Coe filed his second federal petition for writ of *habeas*

---

[1]Robert Glen Coe v. State, C.C.A. No. 02C01-9606-CR-00200, Shelby County (Tenn. Crim. App. filed March 4, 1997, at Jackson).

[2]State v. Coe, 655 S.W.2d 903 (Tenn. 1983).

[3]Coe v. Tennessee, 464 U. S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984).

*corpus* in the United States District Court for the Middle District of Tennessee. While the federal writ of *habeas corpus* was pending, Coe filed this, his third petition for post-conviction relief, on February 21, 1995. On January 2, 1996, the trial court dismissed the subject petition for post-conviction relief finding that all claims were time-barred or waived. It is this dismissal that is the subject of the current appeal.

On November 27, 1996, the United States District Court vacated all of Coe's convictions and sentences.[4] The matter is presently on appeal in the Sixth Circuit of the United States Court of Appeals.

By order issued pursuant to Tennessee Court of Criminal Appeals Rule 20 and entered on March 4, 1997, this Court affirmed the trial court's dismissal of Coe's third petition for post-conviction relief. Seventeen (17) issues were presented for our review, and we found all issues either to have been untimely raised, "previously determined," "waived," and/or to be without merit. One of the issues was whether the use of the felony murder aggravating circumstance rendered Coe's death penalty unconstitutional. This Court concluded that issue had been "previously determined" by the United States District Court for the Middle District of Tennessee. Furthermore, the Court found the felony murder aggravating circumstance was constitutionally applied since there "was adequate proof of premeditation beyond a reasonable doubt to sustain a conviction for common law murder." Robert Glen Coe v. State, slip op. at 4.

Coe applied for permission to appeal to the Supreme Court of Tennessee. By order entered December 15, 1997, the Supreme Court granted permission to appeal "for the purpose of remanding the case to the Court of Criminal Appeals for consideration in light of our opinion in James David Carter v. State, ___ S.W.2d ___ (Tenn. 1997) (filed October 20, 1997), and State v. Middlebrooks, 840 S.W.2d 317 (Tenn. 1992)."

It is the December 15, 1997, order of remand that prompts this opinion.

---

[4]Robert Glen Coe v. Ricky Bell, No. 3:92-0180 (M. D. Tenn. filed November 27, 1996, at Nashville).

## ANALYSIS OF CARTER V. STATE

The issue in Carter v. State relevant to this appeal is whether a Middlebrooks claim can be "previously determined" by a federal district court since it revolves solely around a state law issue. ___ S.W.2d at ___. Carter held that a federal district court is not a "court of competent jurisdiction" to resolve this issue; therefore, the federal district court's disposition of this issue may not be considered by our state court as having been "previously determined." Id. at ___. Since we concluded that Coe's Middlebrooks issue had been previously determined by the federal district court, this issue must be re-visited.

## APPLICATION OF CARTER TO THIS CASE

Even though Carter found that the federal district court was not a court of competent jurisdiction to consider a Middlebrooks claim, the Court ultimately ruled that the felony murder aggravating circumstance could properly serve as a basis to support the death penalty when the jury returns a general verdict of guilty of first degree murder. ___ S.W.2d at ___. In Carter the defendant was tried on a one count indictment charging both premeditated and felony first degree murder. The Court found that the jury's verdict finding the defendant guilty of the offense charged constituted a finding of both premeditated and felony first degree murder. Id. at ___. The court concluded that the lack of narrowing resulting from duplication is not present when a jury convicts a defendant of first degree murder upon a single count indictment charging both premeditated murder and felony murder. Id.

Coe's indictment and conviction were comparable to the indictment and conviction in Carter. As was noted by the Tennessee Supreme Court in Coe's direct appeal of his original conviction, the first count of the indictment charged Coe with both common-law premeditated murder and felony murder, and the jury returned a general verdict of guilty. State v. Coe, 655 S.W.2d at 911-912. In fact, the Carter opinion cited the Coe opinion in finding no constitutional or statutory

4

prohibition against a jury rendering a general verdict of guilty of first degree murder where both premeditated murder and felony murder are charged and submitted to the jury. ___ S.W.2d at ___.

We find the Carter holding to be directly controlling as to Coe's Middlebrooks issue. Therefore, the felony murder aggravating circumstance was properly applied since Coe was convicted of first degree murder based upon a count in the indictment charging both premeditated murder and felony murder.[5]

## HARMLESS ERROR ANALYSIS

Even if the felony murder aggravating circumstance was in violation of Middlebrooks, it would still be subject to a harmless error analysis. A Middlebrooks error does not require a resentencing hearing if the reviewing court concludes "beyond a reasonable doubt that the sentence would have been the same had the jury given no weight to the invalid felony murder aggravating factor." State v. Howell, 868 S.W.2d 238, 262 (Tenn. 1993), cert. denied, 510 U.S. 1215 (1994). This harmless error analysis was recently applied by the Supreme Court of Tennessee in State v. Boyd, ___ S.W.2d ___ (Tenn. 1998).

In addition to the aggravating circumstance of felony murder, the jury found in Coe's original trial the following additional aggravating circumstances:

> (1) The murder was committed against a person less than twelve (12) years of age, and the defendant was over eighteen (18) years of age;

> (2) The murder was especially heinous, atrocious or cruel in that it involved torture or depravity of mind; and

> (3) The murder was committed for the purpose of avoiding prosecution of the defendant.

State v. Coe, 655 S.W.2d at 905.

We need not reiterate the gruesome facts of this homicide. *See* State v. Coe, 655 S.W.2d at 905-908. We have, however, conducted a harmless error

---

[5]We also note, as we did in our original opinion, that the Tennessee Supreme Court found adequate proof of premeditation beyond a reasonable doubt to sustain Coe's conviction for common-law premeditated murder. *See* State v. Coe, 655 S.W.2d at 912.

analysis under the framework of <u>Howell</u> as amplified by <u>Boyd</u>.  Unquestionably, we are convinced the jury would have reached the same verdict as to the death penalty if the felony murder aggravating circumstance had not been charged.  We, therefore, conclude that even if the felony murder aggravating circumstance was erroneously charged, it was harmless beyond a reasonable doubt.

## OTHER ISSUES

We have again examined the other issues raised by Coe in this appeal.  For the same reasons cited in our original opinion, we find Coe is not entitled to any relief.

## CONCLUSION

The judgment of the trial court dismissing Coe's third post-conviction relief petition is AFFIRMED.

The sentence of death by electrocution shall be carried out as provided by law on May 15, 1998, unless the sentence has been or is stayed by an appropriate order of a federal court or the Tennessee Supreme Court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**JOHN H. PEAY, JUDGE**